COMMONWEALTH *vs.* JOSEPH A. HARWOOD.

On the trial of an indictment for keeping a house of ill fame, evidence of conversations held by men, immediately after coming out of the house, and not in the presence of the defendant or of any of the inmates, as to what had taken place in the house, is inadmissible.

INDICTMENT for keeping a house of ill fame in Springfield. At the trial in the court of common pleas, a witness for the Commonwealth testified that he watched the house one night, and saw some men come out of it, and the men held conversation together outside the house, immediately upon coming out, neither the defendant nor any of the inmates of the house being present. The district attorney asked the witness to relate the conversation. The defendant objected. But *Sanger*, J. ruled that the conversation was admissible in evidence, so far as it tended to show the character of the visitors at the house. The witness then related the conversation, in which one of the men spoke of his intercourse with the inmates of the house. The defendant, being convicted, excepted to the ruling.

*C. T. Arthur*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth. On the trial of an indictment for keeping a house of ill fame, the general character of the inmates and of those frequenting the house is admissible, to prove the character of the house. The conversation in the street at the door of the house is as great a nuisance to the public, as if it were held within the walls of the house.

BY THE COURT. The conversation given in evidence took place out of the house, and not within the presence or knowledge of the defendant or of any of his family. He cannot therefore be held responsible for it. Improper conduct or conversation outside of the house has no legal tendency to show that there had been any such conduct or conversation within its walls. The conversation was so purely *res inter alios*, and the admission of such evidence would be so dangerous, that the court are of opinion that it should not have been admitted.

*Exceptions sustained.*